In re A MINOR CHILD

High Court of American Samoa
Trial Division

JUV No. 64-87

January 28, 1988

Before REES, Chief Justice.

Counsel: For Petitioners, Togiola T.A. Tulafono

On Motion to Set Trial Date:

On September 9, 1987, counsel in this case requested an order for notice by publication to the natural father of this child, who could not be

24

found within the territory. The last sentence of the proposed order was, "Such publication shall be made once."

The Court crossed out this last sentence and wrote, "(Change your form.)" This was a reference to the fact that counsel had been notified on several prior occasions that notice by publication must conform to the statute governing such notice, A.S.C.A. § 43.0502. That statute provides in pertinent part that publication shall be "once each month for 2 consecutive months."

Although there was a time when the requirements of the notice by publication statute were not strictly enforced, they have been so enforced at least since May 1, 1986. On July 8, 1986, the Chief Justice and the then-Associate Justice caused a memorandum to be distributed to all the attorneys in the Territory calling attention to the statutory requirement and explaining that it would be enforced. Memorandum of the Justices, 3 A.S.R.2d 33 (1986). On October 16, 1986, present counsel submitted a proposed order in another case specifying that publication "shall be made once." The Court crossed out "once," substituted the words "in accordance with A.S.C. sec. 43.0502," and attached a copy of the July 8 judicial memorandum. In subsequent cases, however, present counsel persisted in submitting proposed orders or notices that did not comply with the statute, requiring the Court to make additions and deletions and to remind counsel of the statute and the memorandum. The order in this case to "change your form" was made in the hope of bringing this practice to an end.

Remarkably, however, counsel's motion for a trial date in this case is accompanied by an affidavit from a newspaper editor (apparently prepared on counsel's office typewriter) attesting that "[s]uch publication was made once."

The Court does not believe that counsel is deliberately submitting orders he knows the Court will not sign. Nor does it seem likely that counsel is submitting orders that do not comply with the statute, the judicial memorandum, or our various prior notices to him in the hope that we will stop noticing and start signing such orders. Rather, it appears that counsel is signing documents prepared by his secretaries from outdated

25

forms and then submitting them to the Court without reading them carefully. This is a disservice to the clients whose case is needlessly complicated and delayed, to the Court, and in the long run to the attorney himself.

This case cannot be set for a hearing until notice by publication is effected in accordance with the statute. Counsel is ordered not to bill his clients for time spent effecting the earlier improper notice or for any of the costs of such notice. Counsel is further ordered to pay $100 to the Clerk of Court for the approximate cost of court time consumed in connection with this attempt to get his attention. This sum is not, of course, to be billed to the client.

It is so ordered.